IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIANA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-827-GBW |
| | ) | |
| LEXISNEXIS RISK SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

Briana Patrick, Wilmington, Delaware – *Pro se* Plaintiff

Richard Montgomery Donaldson, MONTGOMERY MCCRACKEN WALKER & RHOADS LLP, Wilmington, Delaware – Counsel for Defendant LexisNexis Risk Solutions

**MEMORANDUM OPINION**

July 9, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.  INTRODUCTION

On August 1, 2023, Plaintiff Briana Patrick, of Wilmington, Delaware, initiated this civil action by filing a complaint *pro se*. (D.I. 2.) Defendant LexisNexis Risk Solutions now moves to dismiss the complaint for failure to state a claim. (D.I. 9.) Additionally, Plaintiff moves for summary judgment. (D.I. 16.) Defendant's motion to dismiss will be granted, and Plaintiff's motion for summary judgment will be denied.

## II.  BACKGROUND

According to the complaint, Defendant violated Plaintiff's rights under the Fair Credit Reporting Act (FCRA) in Wilmington, Delaware, between April 1, 2023, and May 21, 2023. (D.I. 2 at 3-4.) The alleged FCRA violations caused an increase in Plaintiff's car insurance rate from $343.67 to $405.00, which Plaintiff was unable to afford, resulting in cancellation of the policy, extreme stress, and reputational harm. (*Id.* at 5, 7.) Plaintiff now seeks $30,000 and "removal of all personal information from [Defendant's] records and database." (*Id.*)

First, the complaint alleges that Defendant "furnish[ed] a driving and loss history and prior insurance report on [Plaintiff's] behalf," without Plaintiff's "written consent or instruction to furnish a report," which Plaintiff believes violated "15 U.S.C. [§] 1681b(2)." (*Id.* at 4-5.)

1

Second, the complaint alleges that Defendant "failed to conduct an initial investigation prior to furnishing two claims and two insurance transactions on [Plaintiff's] consumer report." (*Id.* at 5.) Plaintiff "did not give [Defendant] permission to access [Plaintiff's] personal information," and Plaintiff did not "get the opportunity to communicate that [she] did not want the [above described] information furnished." (*Id.*) Plaintiff believes that the Defendant breached Plaintiff's privacy by "accessing [her] non-public personal information." (*Id.* at 7.) Plaintiff believes that Defendant's failure "to conduct a re[a]sonable investigation once notified of the unauthorized information," and Defendant's failure "to remove and block" this information, violated 15 U.S.C. § 1681i(5)(A). (*Id.* at 5.)

## III.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

Courts faced with a motion to dismiss pursuant to Rule 12(b)(6) must generally limit their consideration to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding

3

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

The complaint fails to state a claim pursuant to 15 U.S.C. § 1681b. It is unclear from the complaint whether Plaintiff intends to allege that Defendant violated subsection (a)(2) or (b)(2) of § 1681b; either way, the complaint fails to state a claim.

While subsection (a)(2) permits a consumer reporting agency to furnish a consumer report "[i]n accordance with the written instructions of the consumer to whom it relates," subsection (a)(3) sets out other permissible purposes absent consumer consent, such as furnishing a report "in connection with the underwriting of insurance," or in connection with a current insurer's valuation of "an existing credit obligation," and "to determine whether the consumer continues to meet the terms of the account." *Compare* 15 U.S.C. § 1681b(a)(2), *with id.* § 1681b(a)(3)(C), (E), (F)(ii).

Additionally, subsection (b)(2) sets out consumer disclosure requirements for reporting agencies, but these requirements only apply when a report is furnished "for employment purposes." *See id.* § 1681b(b)(2)(A).

The complaint does not allege that Defendant furnished Plaintiff's consumer report for employment purposes; the report was allegedly used by an insurance

4

company to calculate Plaintiff's car insurance rate, which subsection a(3) permits without consumer consent. As such, the complaint does not plausibly state that Defendant furnished a consumer report for an impermissible purpose, or in an impermissible manner, under § 1681b.

The complaint also fails to state a claim pursuant to 15 U.S.C. § 1681i(5)(A). While subsection (5)(A) sets out requirements for the treatment of inaccurate or unverifiable information, the complaint does not sufficiently allege that any information Defendant furnished to Plaintiff's insurance company was inaccurate, incomplete, or unverifiable. The complaint merely alleges that Plaintiff did not consent to disclosure of certain claim and insurance transaction information. As discussed above, this did not render the information impermissible.

Based on the foregoing, the Court will grant Defendant's motion to dismiss the complaint for failure to state a claim. (D.I. 9.) The complaint will be dismissed without prejudice. (D.I. 2.) Plaintiff's motion for summary judgment will be denied as moot. (D.I. 16.)

Party briefing suggests that Plaintiff intended to assert that certain information furnished by Defendant was inaccurate, although the complaint fails to state this claim. (*See* D.I. 12.) Holding Plaintiff to less stringent standards than those reserved for lawyers, the Court will grant Plaintiff an opportunity to amend the complaint to

5

state this claim. *See Erickson*, 551 U.S. at 94. Failure to state a claim upon amendment may cause Plaintiff's pleading to be dismissed with prejudice.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss. (D.I. 9.) Plaintiff's motion for summary judgment will be dismissed as moot. (D.I. 16.) The complaint will be dismissed without prejudice, and Plaintiff will be granted an opportunity to amend the pleading. (D.I. 2.)

An appropriate Order will be entered.